AETNA INSURANCE COMPANY
*v.* Robert SMITH

77-430                                                568 S.W. 2d 11

Opinion delivered July 3, 1978
(Division I)

*Putman, Davis, Bassett, Cox & Wright,* for appellant.

*Niblock & Odom,* for appellee.

JOHN A. FOGLEMAN, Justice. On June 15, 1976, appellee Robert Smith received an injury in an automobile accident while a policy of automobile insurance issued him by appellant Aetna Insurance Company was in force. The injury arose out of and in the course of Smith's employment and he received workmen's compensation benefits which paid all medical expenses he incurred along with disability benefits in excess of those provided by appellant's policy. Appellant defended under a policy clause excluding coverage to the extent that benefits were paid to the insured, under any workmen's compensation law. Upon motion for summary judgment by appellee, the trial court granted judgment against appellant for $2,000 medical benefits and $140 per week for the fifty-two week period he was disabled, holding that the exclusion violated the provisions of Ark. Stat. Ann. § 66-4014 and the public policy of the state. Appellant contends that the trial court erred in so holding and in granting summary judgment. We agree and reverse.

The pertinent policy provisions follow:

## SECTION I

## AUTOMOBILE MEDICAL PAYMENTS COVERAGE

The Company will pay benefits for medical expenses with respect to bodily injury sustained by an eligible injured person caused by accident arising out of the maintenance or use of a motor vehicle as a motor vehicle.

*Exclusions*

This coverage does not apply to bodily injury

(a) sustained by any person to the extent that benefits therefor are in whole or in part paid or payable under any workmen's compensation law, employer's disability law or any similar law.

(b) * * *

## SECTION II

## WORK LOSS COVERAGE

The company will pay benefits for work loss with respect to bodily injury sustained by an eligible injured person caused by accident arising out of the maintenance or use of a motor vehicle.

*Exclusions*

Exclusion (a), (h), (j) and (k) under Section I apply to Section II . . .

It is agreed that appellee incurred medical expenses in excess of $2,000, the maximum medical coverage.

Section 1 of Act 138 of 1973 [Ark. Stat. Ann. § 66-4014 (Supp. 1977)] requires that every automobile liability insurance policy covering any private passenger motor vehicle issued or delivered in this state "provide minimum medical and hospital benefits, income disability and accidental death benefits, under policy provisions and on forms approved by the Commissioner of Insurance, to the named insured * * * injured in a motor vehicle accident, to passengers injured while occupying the insured motor vehicle, and to persons other than those occupying another vehicle struck by the insured motor vehicle, without regard to fault, as follows . . . "

An insurer may contract with its insured upon whatever terms the parties may agree upon which are not contrary to

statute or public policy. The insured, by accepting the policy, was deemed to have approved it with all conditions and limitations expressed therein which are reasonable and not contrary to public policy. *MFA Mutual Insurance Co.* v. *Bradshaw*, 245 Ark. 95, 431 S.W. 2d 252.

The first basis for the trial court's holding turned upon its conclusion that the statutory provision for exclusion of benefits foreclosed the right of the insurer to exclude benefits on any other basis. Ark. Stat. Ann. § 66-4017 (Supp. 1977) reads:

> Exclusion of benefits. — An insurer may exclude benefits to any insured, or his personal representative, under a policy required by Section 1 [§ 66-4014], when the insured's conduct contributed to the injury he sustained in any of the following ways:
>
> (a) causing injury to himself intentionally;
> (b) while in the commission of a felony, or while seeking to elude lawful apprehension or arrest by a law enforcement official. [Acts 1973, No. 138, § 4, p. 467.]

As appellant points out this section specifically permits an insurer to eliminate risks attributable to intentional misconduct of the insured. We do not read into this section any legislative intention to prohibit other exclusions from coverage. The policy provides for exclusions other than the one in question here and those specifically made permissible by the statute. Whether some of them would be permissible because of language in other sections of the act is at least a matter subject to argument. There is, however, at least one hypothetical situation stated by appellant in which coverage is excluded by policy terms which would not be permissible under the trial court's view. That is the case of injury of an occupant or passenger who is an accomplice of a thief driving an insured vehicle when it is involved in a collision. It is hard to believe that the General Assembly meant to prohibit such an exclusion.

Whatever may be said about exclusion of risks, there is no indication that it was the intent of the General Assembly to require that the "no fault" coverage be provided whether

the insured has other coverage providing the same benefits, or not. Certainly, the section in question does not indicate such a legislative intent.

To the contrary, there are situations where a double recovery for injuries is specifically eliminated by the act. The insurer is entitled to reimbursement of payments made from any recovery made by the insured from a tortfeasor causing the injuries of the insured. Ark. Stat. Ann. § 66-4019.

The trial court's holding that the exclusion involved here was void, was also based, in part, upon our holding such an exclusion void in the case of uninsured motorist coverage under Ark. Stat. Ann. § 66-4003 (Supp. 1977). *Travelers Insurance Co.* v. *National Farmers Union Property & Casualty Co.*, 252 Ark. 624, 480 S.W. 2d 585. Our holding, however, was based, for the most part, upon the fact that the workmen's compensation exclusion would amount to a reduction of the stated policy limits. This was significant because the purpose of that act was to require the same amount of coverage to one injured by the negligence of a motorist who carries no liability insurance as would be available had the motorist had the minimum coverage necessary to meet the requirements of the Motor Vehicle Safety Responsibility Act, set out in § 75-1427 (Repl. 1957 and Supp. 1977). There was no such intention in the adoption of the requirement of "no fault" coverage.

The intent of "no fault" insurance was to make an insured whole on relatively minor automobile injury damage claims without regard to fault or liability without his being required to engage in expensive and extended litigation. In this respect, the "no fault" concept is common to automobile liability insurance and workmen's compensation.

Appellee urges that the trial court's conclusion can be supported by the prohibition of reduction of benefits contained in Ark. Stat. Ann. § 66-3634 (Supp. 1977). This section applies only to individual disability insurance policies and there is no way we can construe it to apply to automobile policies containing "no fault" coverage.

Appellee also contends that the laborer who has "no fault" insurance and whose employment is covered under

workmen's compensation is actually paying for the two types of coverage. But the contention that the workman is paying for the workmen's compensation coverage is contrary to the actual purpose and intent of the Workmen's (now Workers') Compensation Law. Workmen's compensation is not insurance, and it was not contemplated that it be so considered. *Auto Salvage Company* v. *Rogers*, 232 Ark. 1013, 342 S.W. 2d 85; *Baker* v. *Slaughter*, 220 Ark. 325, 248 S.W. 2d 106. One of the primary reasons for workmen's compensation is to spread the loss arising from injury to the employee throughout industry. *Spratlin* v. *Evans*, 260 Ark. 49, 538 S.W. 2d 527. The public is the bearer of the ultimate burden of compensation protection. *Jacob Hartz Seed Co.* v. *Thomas*, 253 Ark. 176, 485 S.W. 2d 200. It is illusory to say that the injured workman had paid for workmen's compensation benefits or that workmen's compensation is a type of disability insurance.

Appellee contends that the exclusion discriminates against the workman whose injury is covered by workmen's compensation, just as we found in *Travelers Insurance Co.* v. *National Farmers Union Property & Casualty Co.,* supra. This would be so if the purposes and intent of the act here had been the same as the purpose and intent of the act requiring uninsured motorist coverage, i.e., to put the insured in the same position he would be if the uninsured motorist had minimum liability insurance coverage. As we have pointed out, that is not so and it seems extremely difficult to attain an application of such laws that does not leave some insured in a better position than others because of circumstances unrelated to the insurance requirement. For example, if one protected by workmen's compensation coverage is allowed a double recovery, it could be said that there was discrimination against the laborer who suffers the same injury as appellant did but his employment is exempt under the Workers' Compensation Law. It could also be argued that there would be discrimination against the workman having workmen's compensation coverage who suffers the same identical injuries en route from his home to his church on Sunday morning. This sort of discrimination is not important where the legislative intention is not to assure the same

minimum protection to all against irresponsible motorists.

The judgment is reversed and the cause dismissed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.