FARM BUREAU MUTUAL INSURANCE
COMPANY OF ARKANSAS, INC. *v.*
Darius PARRISH, Administrator of The
Estate of Kathy Lynn PARRISH, Deceased

78-274                                                    577 **S.W.** 2d 397

Opinion delivered February 26, 1979
(Division I)

*Barrett, Wheatley, Smith & Deacon,* for appellant.

*Frierson, Walker, Snellgrove & Laser,* for appellee.

CONLEY BYRD, Justice. The trial court found that the death of Kathy Lynn Parrish from carbon monoxide asphyxiation was the result of accidental means within the meaning of a policy of life insurance issued by appellant Farm Bureau Mutual Insurance Company of Ark. Inc. which provided:

> "In the event of the death of the first individual named as insured caused by automobile accident, directly and independently of any other cause, while in or upon, entering or alighting from, or through being struck by any automobile, the sum of $5,000 less any payments otherwise made hereunder on account of such injury."

From a judgment entered for the face amount of the policy together with penalty and attorney's fees appellant brings this appeal contending:

> "I. The Court erred in finding that the death of appellee's intestate was caused by automobile accident, directly and independently of any other cause.
>
> II. The Court erred in finding that appellant was not entitled to credit for $1,725.53 paid under the medical payments provision of the policy prior to institution of litigation."

The record shows that Kathy Lynn Parrish and her boy friend were found dead in the boy friend's car parked just off a county road. Although the engine was not running, the ignition key was still in the on-position and the automobile was out of gasoline when the bodies were found. Jim Walker who operated the wrecker that removed the automobile testified that the car was on a stump or something because the gravel guard was bent. From the way the gravel guard was bent he stated that the exhaust from the car had come up through the trunk and into the car.

POINT I. To sustain its position that the trial court erred in finding that the death was caused by an automobile accident directly and independently of any other cause, appellant points out that Kathy Lynn and her boy friend intentionally parked their car, intentionally left the motor run-

ning and intentionally remained in the car. We find no merit to this contention. To give the policy the interpretation suggested by appellant would provide coverage only in those situations in which the insured was guilty of no negligence. Furthermore, in 92 A.L.R. 164 the annotator points out:

"Death by asphyxiation from inhaling carbon monoxide gas from the exhaust of a gasoline motor is generally regarded as accidental or from accidental means if the breathing of the gas was unintentional, at least where the evidence shows that some unforeseen or unexpected circumstances or element interrupted or changed the natural course of events voluntarily set in motion by the insured."

POINT II. To sustain the action of the trial court in holding that appellant could not deduct the $1,725.53 paid out in medical benefits from the accidental death benefits, appellee relies upon Ark. Stat. Ann. § 66-4014 (Supp. 1977), which provides:

"REQUIRED FIRST PARTY COVERAGE. Every automobile liability insurance policy covering any private passegner motor vehicle issued or delivered in this State shall provide minimum medical and hospital benefits, income disability and accidental death benefits, under policy provisions and on forms approved by the Commissioner of Insurance, to the named insured and members of his family residing in the same household injured in a motor vehicle accident, to passengers injured while occupying the insured motor vehicle, and to persons other than those occupying another vehicle struck by the insured motor vehicle, without regard to fault, as follows:

(a) MEDICAL AND HOSPITAL BENEFITS. All reasonable and necessary expenses for medical, hospital, nursing, dental, surgical, ambulance, and prosthetic services incurred within twenty-four (24) months after the automobile accident, up to an aggregate of $2,000 per person and may include any non-medical remedial care and treatment rendered in

accordance with a recognized religious method of healing. Expenses for hospital room charges may be limited to semi-private accommodations.

(b) INCOME DISABILITY BENEFITS. Seventy per cent (70%) of the loss of income from work during a period commencing eight (8) days after the date of the accident, and not to exceed fifty-two (52) weeks, but subject to a maximum of $140 per week. In the case of a nonincome earner, such benefits shall consist of expenses not to exceed $70.00 per week, or any fractional part thereof, which are reasonably incurred for essential services in lieu of those the injured person would have performed without income during a period commencing eight (8) days after the date of the accident, and not to exceed fifty-two (52) weeks.

(c) ACCIDENTAL DEATH BENEFITS. The sum of $5,000 to be paid to the personal representative of the insured, should injury, sickness or disease resulting from an automobile accident cause death within one (1) year from the date of the accident."

We agree with appellee that in construing a policy provided in accordance with the statute that the insurer cannot deduct the amount of medical payments from the accidental death benefits. Nor can we find anything in *Aetna Insurance Company* v. *Smith*, 263 Ark. 849, 568 S.W. 2d 11 (1978) to support appellants' position.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and PURTLE, JJ.