Reba Faye O'BAR, as Admx. of the Estate of Jeweral Wayne O'BAR, Deceased *v.* MFA MUTUAL INSURANCE COMPANY

81-209                                                    628 S.W. 2d 561

Supreme Court of Arkansas
Opinion delivered March 8, 1982

*Daily, West, Core, Coffman & Canfield* and *Robert S. Blatt,* for appellant.

*Jones, Gilbreath & Jones,* for appellee.

DARRELL HICKMAN, Justice. The only issue on appeal is whether a reduction clause in an automobile insurance policy that provides for $5,000 in accidental death benefits is void because it violates public policy. The trial court held that the clause which reduced payment by any amounts paid under workers' compensation law was valid. We disagree and find such a provision void as against public policy.

The appellant's husband, Jeweral Wayne O'Bar, was killed in a vehicle accident while driving his employer's truck. His widow, Reba Faye O'Bar, the appellant, and his child received over $5,000 for his death from workers'

compensation. O'Bar had an automobile insurance policy with the appellee, MFA Mutual Insurance Company, and it provided $5,000 in benefits for accidental death. MFA refused to pay, relying on a clause in the policy which reads:

REDUCTION OF AMOUNT PAYABLE — Any amount payable under the terms of this coverage on account of death of an insured shall be reduced by the amount paid and the present value of all amounts payable on account of such death under any workmen's compenstion law, disability benefits law or any other similar law.

The case was submitted to the trial court for summary judgment and the court ruled for MFA. Both parties relied to an extent on our decision in *Aetna Ins. Co.* v. *Smith,* 263 Ark. 849, 568 S.W. 2d 11 (1978), which held such a reduction clause for medical and disability benefits was not void. *Aetna* interpreted Arkansas's no fault insurance law, enacted in 1973. Ark. Stat. Ann. § 66-4014 — 66-4021 (Repl. 1980 & Supp. 1981). The no fault law was enacted " . . . to make an insured whole on relatively minor automobile injury damage claims without regard to fault. . . " *Aetna Ins. Co.* v. *Smith, supra.* It provided that policies must give an insured the right to certain minimum medical and hospital benefits, income disability benefits and accidental death benefits. Ark. Stat. Ann. § 66-4014 (Repl. 1980 & Supp. 1981). But the insured has the right to reject in writing any one or all of such benefits. Ark. Stat. Ann. § 66-4015.

More importantly, an insurance company has the *right* to reduce, or claim reimbursement for any medical hospital benefits or income disability benefits paid out. Ark. Stat. Ann. § 66-4019. No such right was granted in regard to accidental death benefits. Therein lies the crux of this case. While requiring automobile insurance policies to provide for three different types of benefits, the General Assembly granted the insurer the right to reduce only medical and income disability benefits by any amount recovered by the insured from another source. Obviously medical or income disability benefits if not so reduced would allow double recovery to certain beneficiaries. Accidental death benefits

are like life insurance and life insurance is treated differently from medical and income disability benefits so far as double coverage is concerned. Life insurance is more in the nature of an investment and is actually a contract to pay a sum certain upon the death of the insured. 43 Am. Jur. 2d *Insurance* §§ 3, 1594 (1969).

There is no convincing reason such a benefit should be reduced simply because an insured also receives workers' compensation and since the General Assembly made no such provision, we hold such a clause to be in violation of public policy.

Reversed.