Raymond ATKINS *v.* PILOT LIFE INSURANCE
COMPANY and VERTAC, INC.

CA 81-187                                    630 S.W. 2d 50

Court of Appeals of Arkansas
Opinion delivered March 17, 1982
[Rehearing denied April 14, 1982.]

*McMath & Leatherman, P.A.*, by: *Junius Bracy Cross, Jr.*, for appellant.

*David Solomon*, for appellee Pilot Life Insurance Company.

*Allen T. Malone*, of *Apperson, Crump, Duzane & Maxwell*, Memphis, Tenn., for appellee Vertac, Inc.

*D. Allan Gates* of *Mitchell, Williams, Gill & Selig*, of counsel to Vertac, Inc.

TOM GLAZE, Judge. This appeal is from a summary judgment in favor of Pilot Life Insurance Company (Pilot) and Vertac, Inc. (Vertac).[1] Appellant, Raymond Atkins (Atkins), was employed by Vertac and in November, 1976, was hospitalized for a lung problem. During his medical treatment, he also developed a brain abscess. Atkins filed a Workers' Compensation claim, contending both the lung and brain abscess problems were compensable. Vertac denied that either problem was work-related, but on December 20, 1977, Atkins and Vertac submitted a joint petition to the Workers' Compensation Commission, settling their differences for the total sum of $15,000. In the same joint petition, approved by the Commission, Atkins released Vertac from all claims resulting from or related to the injury or injuries claimed by Atkins.

---

[1] Vertac is successor in interest to Eagle River Chemical Corporation, which was Atkins' employer prior to December 29, 1978. For purposes of simplicity, we refer in this opinion only to Vertac since its interests and potential liabilities are the same in this cause.

After settlement of the Workers' Compensation claim, Atkins filed suit against Pilot and Vertac, seeking benefits for his lung and brain abscess ailments under a health care insurance plan provided by Vertac. Vertac denied Atkins any benefits under the health plan because: (1) The plan provided expenses were not payable for injuries arising out of or in the course of any employment, and (2) The plan did not cover expenses for any illness which entitled Atkins to benefits under the Workers' Compensation Act. In addition, Vertac contended Atkins released Vertac from further claims due to the lung and brain abscess injuries in their prior joint Workers' Compensation petition and he was estopped from asserting any claims after the Commission approved their settlement.

Concerning Vertac's release and estoppel defenses, Atkins contended below, and argues on appeal, that Pilot appeared to provide the health care insurance plan for Vertac's employees, when, in fact, Vertac was self-insured. Atkins argued that since Pilot failed to disclose Vertac as its principal and as a self-insurer, Pilot became personally liable on Atkins' claims. The trial court rejected all of Atkins' assertions and held as a matter of law: (1) The health care insurance provisions excluded work-related injuries and illnesses as those incurred by Atkins, and (2) Pilot disclosed its agency status as to Vertac, and it, therefore, was not personally liable.

We first consider that part of the trial court's decision upholding the clause in Vertac's health insurance plan and excluding benefits to Atkins because he had received Workers' Compensation benefits. In this connection, it is undisputed that the medical expenses or benefits Atkins seeks to recover in this action relate to the same injury and illness (lung and brain abscess) for which Atkins received benefits in his earlier Workers' Compensation settlement.

Our Supreme Court has considered similar exclusion or reduction clauses where they appeared in automobile insurance policies. *Aetna Insurance Company* v. *Smith*, 263 Ark. 849, 568 S.W. 2d 11 (1978), and *O'Bar* v. *M.F.A. Mutual Insurance Company*, 275 Ark. 247, 628 S.W. 2d 561 (1982). In

*Aetna,* the Court held a policy valid which provided medical payments coverage but which contained a clause that limited the amount of medical payments to the extent the insured had received benefits under any Workers' Compensation law. The court said:

> An insurer may contract with its insured upon whatever terms the parties may agree upon which are not contrary to statute or public policy. The insured, by accepting the policy, was deemed to have approved it with all conditions and limitations expressed therein which are reasonable and not contrary to public policy. *M.F.A. Mutual Insurance Co.* v. *Bradshaw,* 245 Ark. 95, 431 S.W. 2d 252.

In *O'Bar,* the Supreme Court recently construed another automobile insurance policy which contained a reduction clause. The clause provided that any accidental death benefits must be reduced by all amounts paid on account of such death of the insured under Workers' Compensation. The Court held the clause void as against public policy because the Arkansas General Assembly had not provided by law that an insurance company had the right to reduce or claim reimbursement for any accidental death benefits. The Court in *O'Bar* stated it upheld a similar reduction clause in *Aetna* because that case involved medical benefits, and under Ark. Stat. Ann. § 66-4019 (Repl. 1980), an insurance company had the right to reduce or claim reimbursement for any medical hospital benefits or income disability benefits paid out.

While the reduction or exclusion clauses in *O'Bar* and *Aetna* involved automobile insurance policies and Arkansas' no fault insurance law, we believe the Court's reasoning in *O'Bar,* as it pertains to the validity or invalidity of such clauses, is instructive in our consideration of the facts before us. The Court said:

> While requiring automobile insurance policies to provide for three different types of benefits, the General Assembly granted the insurer the right to reduce only medical and income disability benefits by any amount

recovered by the insured from another source. *Obviously medical or income disability benefits if not so reduced would allow double recovery to certain beneficiaries.* Accidental death benefits are like life insurance and life insurance is treated differently from medical and income disability benefits so far as double coverage is concerned. Life insurance is more in the nature of an investment and is actually a contract to pay a sum certain upon the death of the insured. [Emphasis supplied.]

In sum, we conclude that Vertac could contract with its insureds upon whatever terms the parties may agree which are not contrary to statute or public policy. *Aetna Insurance Company* v. *Smith, supra.* We are unaware of any statute which prohibited Atkins and Vertac from excluding health care insurance benefits for injuries on illnesses covered by Workers' Compensation. Moreover, without such a clause, Atkins and other insureds might otherwise be allowed double recovery for certain medical or income disability expenses already paid for by Workers' Compensation. Therefore, we can think of no reason why an insurance clause that precludes the prospects of double recovery of medical benefits would be against public policy.

Counsel for Atkins and Vertac have cited cases from other jurisdictions that involve hospital or medical policies, containing Workers' Compensation exclusion clauses. For differing reasons, the courts have been mixed in their decisions whether to enforce such clauses. *Smith* v. *Allied Mutual Casualty Company,* 184 Kan. 814, 339 P. 2d 19 (1959) (Court permitted benefits where Workers' Compensation and insurance policy overlapped in coverage), and *North Kansas City Memorial Hospital* v. *Wiley,* 385 S.W. 2d 218 (Mo. App. 1964) (Court found insurance company failed to prove accident arose out of employment, so as to avoid liability under exclusion clause); *Contra, Hammond* v. *Prudential Insurance Company,* 75 Ill. App. 2d 15, 220 N.E. 2d 26 (1966) (Court held Workers' Compensation settlement precluded recovery for expenses under health policy) and other cases in annotation captioned "Insured's Receipt of or Right to Workmen's Compensation Benefits as Affecting

Recovery under Accident, Hospital or Medical Expense Policy," Annot. 40 A.L.R. 3d 1012, at 1022-1025 (1971).

In *Hammond v. Prudential Insurance Company, supra,* the Illinois court held that a lump sum Workers' Compensation settlement, which included hospital and medical expenses, precluded recovery for such expenses under the insured's/claimant's health policy. In important part, the *Hammond* case is indistinguishable from the case at bar, and in view of our Supreme Court's treatment of exclusion or reduction clauses in *Aetna* and *O'Bar,* we know of no reason why Vertac could not offer and Atkins accept an insurance health policy which excluded medical benefits for injuries or illnesses covered by Workers' Compensation. Accordingly, we hold Atkins is precluded from medical benefits under the health plan for his lung and brain abscess illnesses since Atkins previously received a lump sum Workers' Compensation settlement which included medical expenses relative to the same illnesses. The benefits claimed by Atkins are clearly excluded by the express terms of the health insurance plan. Thus, whether the health care plan was offered by Vertac or Pilot, the result would be the same.

Atkins argues a second issue which we will briefly discuss. Although he contended in his Workers' Compensation claim that both his lung and brain abscess problems were work-related, Atkins now argues that the brain abscess illness is not work-related. Of course, if this were true, the exclusion clause in the health care policy would not be applicable since the brain abscess sickness would not have entitled Atkins to Workers' Compensation benefits.

An argument similar to that made by Atkins was made in *Aetna Life Insurance Company v. Bocanegra,* 572 S.W. 2d 355 (Tex. Civ. Ct. App. 1978), wherein the insured successfully contended (in a Workers' Compensation case) that her illness was work-related. Later, however, the insured argued this same illness was not work-related in an action she filed against the insurance company seeking benefits under a health policy. The Texas Court of Appeals held the insured's remedies in the two causes of action were repugnant and inconsistent. The Court held she was precluded from

bringing suit against the insurance company. In so holding, the Court stated the controlling rule as follows:

> If one having a right to pursue one of several inconsistent remedies makes his election, institutes suit, and prosecutes it to final judgment, or receives anything of value under the claim thus asserted, or if the other party has been affected adversely, such election constitutes an estoppel thereafter to pursue another and inconsistent remedy.

In the instant case, Atkins signed a sworn joint petition in which he maintained his lung and brain abscess problems were work-related. The same petition reflects Vertac disagreed with both of Atkins' contentions but settled the Workers' Compensation dispute by joint petition in order to resolve the matter. In doing so, Atkins agreed that the $15,000 settlement constituted a "full, final and complete settlement of all claims" he has or may have against Vertac for the injury or injuries claimed. The injuries claimed in the parties' joint petition included Atkins' lung and brain abscess illnesses, and we, therefore, hold that he is now estopped from claiming either illness to be non-work related in his efforts to collect under a health care policy.

The trial court's judgment is affirmed.

Affirmed.