MFA MUTUAL INSURANCE COMPANY *v.*
Patricia M. VAN DRIESUM,
Personal Representative

83-295                                665 S.W.2d 286

Supreme Court of Arkansas
Opinion delivered March 12, 1984

*Matthews & Sanders,* by: *Roy Gene Sanders,* for appellant.

*Thompson, Paddock & Llewellyn, P.A.,* by: *William P. Thompson,* for appellee.

GEORGE ROSE SMITH, Justice. Arkansas's no-fault insurance law requires automobile liability policies to include a $5,000 accidental death benefit for the insured and for passengers in an insured car, unless the applicant for the insurance rejects that coverage. Act 138 of 1973; Ark. Stat. Ann. §§ 66-4014 to -4021 (Repl. 1980). The question in this case is whether the estate of an insured passenger who was killed while riding in an insured car may recover the $5,000 death benefit not only from the decedent's own insurer but also from the driver's insurer. The trial judge, relying upon our decision in *O'Bar* v. *MFA Mutual Ins. Co.,* 275 Ark. 247, 628 S.W.2d 561 (1982), held on undisputed facts that double recovery is permissible. Our jurisdiction of the appeal is under Rule 29 (1) (c).

The appellee's decedent, Robert M. McGill, was riding as a passenger in Jimmie Jess Anthony's car when McGill

was killed. Anthony had no-fault coverage in an automobile liability policy issued by the appellant, MFA Mutual, and McGill had similar coverage in a policy issued to him by State Farm Insurance Company. State Farm paid $5,000 on the policy it had issued to McGill, but MFA Mutual refused to make a similar payment to McGill's personal representative, who brought this action against MFA Mutual for $5,000, plus penalty and attorney's fee.

In the *O'Bar* case only one policy was involved, O'Bar's own policy. It provided that his accidental-death coverage would be reduced by any workman's compensation benefits payable on account of O'Bar's death. Those benefits exceeded $5,000. The insurer contended that it therefore had no liability, but we rejected that argument, saying:

> There is no convincing reason that [the $5,000 accidental-death] benefit should be reduced simply because an insured also received workers' compensation and since the General Assembly made no such provision, we hold such a clause to be in violation of public policy.

Here, however, MFA Mutual's policy, unlike the one in *O'Bar*, provided not that its coverage would be reduced but that its coverage would be excess insurance if the insured had other like insurance and would apply only to the extent that the other insurance was less than $5,000. MFA Mutual accordingly argues that its policy provision is not against public policy, because McGill's own State Farm policy had paid the full amount contemplated by the no-fault law.

The insurer's argument must be sustained. The *O'Bar* opinion, as we quoted above, held that the worker's compensation benefits could not operate in reduction of the policy's coverage "since the General Assembly made no such provision." Here, by contrast, Section 3 of the no-fault statute expressly prohibits double recovery by a passenger's estate by providing that the insurance upon occupants of an insured vehicle "shall not be applicable, or payable, if the prescribed minimum coverages are afforded to said occupants . . . either as a named insured or additional

insured under another valid and collectible automobile insurance policy." Section 66-4016. That is the precise situation here. This provision of the statute was evidently not brought to the trial court's attention, for it is not cited in either brief in this court, but obviously we cannot hold that a policy provision is against public policy when the statute itself embodies the identical prohibition against double recovery.

Reversed and dismissed.