STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* Sandra G. SIMS, Individually and as Mother and Next Friend of Daryl Ray COOK, a Minor

85-314                                             708 S.W.2d 72

Supreme Court of Arkansas
Opinion delivered April 21, 1986

*Roy, Mashburn & Lambert,* for appellant.

*Bassett Law Firm,* by: *William Robert Still, Jr.,* for appellees.

JACK HOLT, JR., Chief Justice. An issue of first impression in Arkansas is presented by this case. The court is being asked to decide whether an automobile insurance carrier may, by policy language, set-off its medical payments, made on behalf of its insured to a third party, against its payment for the same insured to the injured party of the policy limit for bodily injury. The trial court held that the provision allowing such a set-off was void as against public policy since the set-off would effectively reduce the stated policy limits. It is from that decision that the insurance company brings this appeal. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(c).

The facts giving rise to this cause of action are as follows. Appellee, Daryl Ray Cook, was riding as a passenger in a vehicle owned by Nancy J. Schippers and driven by Mrs. Schippers' son, Kent Clary, with her permission and consent. The vehicle was involved in an accident and Cook was seriously injured. At the time of the accident, the vehicle was insured by State Farm Mutual Insurance Company, the appellant. Following the accident, Cook, through his mother, Sandra Sims, filed suit against Clary and Mrs. Schippers. That case was settled for $25,000, the

policy limits for bodily injury liability.

Subsequently, Mrs. Sims and Cook made demand upon appellant for payment of $5,000 under the medical pay provisions of the same policy. State Farm refused to pay, contending the appellees are entitled to no further payment in light of the $25,000 already paid. This suit was then filed. The parties submitted stipulated facts and briefs to the trial court and oral arguments were held. The trial court found the provision of the policy authorizing the set-off void, and awarded appellees the $5,000.

The front of the insurance policy states that the following limits of liability are provided: "A-LIABILITY, Bodily Injury, Each Person $25,000" and "C-MEDICAL PAYMENTS, Each Person $5,000". Liability limits for property damage and for uninsured motor vehicles are also listed. Separate premiums are paid for each type of coverage. The set-off provision at issue here provides:

> MEDICAL EXPENSES
>
> We will pay reasonable medical expenses, for *bodily injury* caused by accident, for services furnished within two years of the date of the accident. . .
>
> . . . .
>
> Any payment shall be applied toward the settlement of a claim or payment of a money judgment for *bodily injury* against any *insured* under the liability coverage.

The $25,000 limit on bodily injury liability is mandated by a provision of the Motor Vehicle Safety Responsibility Act, Ark. Stat. Ann. § 75-1427 (Supp. 1985) which states that a policy of insurance must provide no less than $25,000 in coverage because of bodily injury or death. A separate statute, Ark. Stat. Ann. § 66-40i4 (Supp. 1985), requires every automobile liability insurance policy to offer minimum medical and hospital benefits up to an aggregate of $5,000 per person without regard to fault. Appellant claims its right of set-off is authorized by Ark. Stat. Ann. § 66-4019 (Repl. 1980) which reads:

> Whenever a recipient of Section 1(a) and (b) [§ 66-4014(a) and (b)] benefits recovers in tort for injury, either

by settlement or judgment, the insurer paying such benefits has a right of reimbursement and credit out of the tort recovery or settlement, less the cost of collection, as hereinafter defined. All costs of collection thereof shall be assessed against insurer and insured in the proportion each benefits from such recovery. Said insurer shall have a lien upon said recovery to the extent of its said benefit payments.

■ While it is a correct statement of law that an insurance provision which is in accordance with a statute cannot be contrary to public policy, *MFA Mutual Ins. Co.* v. *Van Driesum*, 282 Ark. 24, 665 S.W.2d 286 (1984), the appellant's policy is not in accord with § 66-4019. Appellant is seeking a right of set-off against its own insured. In a more typical case, another insurance company has paid the injured party, or the injured party's own insurance company has made payments, and the tortfeasor's insurance company wants to subrogate or setoff its payment against the one already made. Here, both payments are being made by the tortfeasor to the injured party. That § 66-4019 was not intended to apply in this situation, is evidenced by the language of the statute where it provides that the insurer has a right of reimbursement and credit *less the cost of collection.* There is no cost of collection if the insurance company is collecting from its own insured. A cost of collection only arises in the situation described above, where subrogation is sought against payments made from another source. *See O'Bar, Adm'x* v. *MFA Mutual Ins. Co.*, 275 Ark. 247, 628 S.W.2d 561 (1982).

■ Furthermore, to allow the requested set-off would in effect abrogate § 75-1427, by reducing the required limit of $25,000 to $20,000. As the trial court noted, separate protective coverage is provided by § 75-1427 and § 66-4014 and neither may be diminished or contracted away by a provision in the insurance contract.

Our decision in *Heiss, Ex'x* v. *Aetna Cas. & Sur. Co.*, 250 Ark. 474, 465 S.W.2d 699 (1971) is instructive although it involves application of a different statute. In *Heiss* two men were killed in a collision involving an uninsured motorist. One of the men had an insurance policy with Aetna Casualty and Surety Co. The insurance company contended it was entitled to deduct the

medical payments made from the $20,000 limit contained in the uninsured motorist section of the policy. Separate premiums were paid for the uninsured motorist protection and the medical payments. This court took the position that the deduction for medical expenses was in derogation of the explicit requirements of the uninsured motorist statute and financial responsibility laws, §§ 64-4003 and 75-1427, which establish the limits of payment for injuries or death.

In so holding, we relied on *Bacchus* v. *Farmers Ins. Group Exchange*, 475 P.2d 264 (Ariz. 1970) where the court condemned the procedure of reducing the amount received under the uninsured motorist provision by the amount already paid under the medical payments clause as follows:

> Permitting offsets of any type would allow insurers, by contract, to alter the provisions of the statute and to escape all or part of the liability, which the Legislature intended they should provide. . .

> By our statute against financially irresponsible drivers a minimum coverage must be made available to insureds. . . The fact that the motorist sees fit to clothe himself with other insurance protection and pays a premium therefor—such as medical payments—cannot alter the mandatory safeguards that the Legislature considers necessary for the well being of the citizen-drivers of our state. More particularly, a policy provision which the insured considers to be additional protection and for which he pays a premium with such extra protection in mind cannot be transposed by the insurer into a reduction of the mandatory minimum coverage.

*Heiss* was decided prior to the enactment of § 66-4019 setting out subrogation rights. Its theory is still sound, however, in so far as it prohibits an insurance company from setting off one payment under its policy against another one under the same policy. In a situation involving payments from more than one source, a right of reimbursement and credit is allowed pursuant to § 66-4019.

Accordingly, the trial court's award of $5,000 is affirmed.

546

PURTLE, J., not participating.