SHELTER GENERAL INSURANCE COMPANY v.
Callie Mae WILLIAMS, Tracy Deering, and Gail Deering,
Individually, and as Next Friend for Dominique Deering
and Deshell Deering

93-592                                              867 S.W.2d 457

Supreme Court of Arkansas
Opinion delivered December 20, 1993
[Rehearing denied January 24, 1994.]

*Jones, Gilbreath, Jackson & Moll*, by: *Robert L. Jones, Jr.*, and *Charles R. Garner, Jr.* for appellant.

*James W. Robb*, for appellees.

DONALD L. CORBIN, Justice. Appellant, Shelter General Insurance Company, appeals from the Sebastian Circuit Court's entrance of summary judgment and the denial of appellant's motion for a new trial. Our consideration of this case requires construction of our statutes on no-fault insurance; thus, our jurisdiction is pursuant to Ark. R. Sup. Ct. 1-2(a)(3).

Appellee, the insured, lived with her two daughters and two granddaughters. She obtained an automobile liability insurance policy specifically excluding her daughters from coverage. Appellant had issued a policy of automobile liability insurance which contained sections providing medical and income disability benefits as required under the no-fault statute. The policy also con-

tained named driver exclusions for both of appellee's daughters. The exclusion endorsements, signed by the insured, provided that no insurance would be provided while any automobile was being driven by either daughter. The daughters and granddaughters, also appellees, were injured in an accident when one of the daughters, Tracy Deering, drove the car into a tree.

Both parties filed motions for summary judgment, and the judge found that appellees were entitled to recover benefits under the policy pursuant to Ark. Code Ann. § 23-89-202 (1987) since any exclusion that attempted to limit the no-fault benefits beyond the scope of statutory law is void as against public policy. Accordingly, the trial court entered partial summary judgment in favor of appellees. Damages were awarded pursuant to the stipulation entered by the parties. All other issues in the case were disposed of by the trial judge. Appellant's subsequent motion for new trial was denied, and this appeal resulted.

The crux of appellant's argument is whether or not the no-fault coverage provided by our statutes can be waived. Section 23-89-202, the no fault statute, reads:

> Every automobile liability insurance policy covering any private passenger motor vehicle issued or delivered in this state shall provide minimum medical and hospital benefits, income disability, and accidental death benefits, under policy provisions and on forms approved by the Insurance Commissioner, to the named insured and members of his family residing in the same household injured in a motor vehicle accident, to passengers injured while occupying the insured motor vehicle, and to persons other than those occupying another vehicle struck by the insured motor vehicle, without regard to fault[.]

The statute just preceding this one, Ark. Code Ann. § 23-89-201 (1987), states:

> Nothing contained in this subchapter shall be construed to prevent an insurer from providing broader benefits than the minimum benefits enumerated in § 23-89-202.

However, the section following the no-fault statute is more

instructive in the instant case. Under Ark. Code Ann. § 23-89-203 (1987) the insured has the right to reject the coverages enumerated in section 23-89-202. Section 23-89-203 clearly states:

> (a) The named insured shall have the right to reject in writing all or any one (1) or more of the coverages enumerated in § 23-89-202.
>
> (b) After the rejection, unless the named insured requests coverage in writing, the coverage need not be provided in, nor supplemental to, a renewal policy.

This court has stated an insurer may contract with its insured upon whatever terms the parties may agree upon which are not contrary to statute or public policy. *Aetna Ins. Co.* v. *Smith*, 263 Ark. 849, 568 S.W.2d 11 (1978). This is not like the situation presented in *State Farm Mut. Auto. Ins. Co.* v. *Sims*, 288 Ark. 541, 708 S.W.2d 72 (1986) wherein the insurance company was not allowed to seek a right of set off against its own insured. The *Sims* court noted that an insurance company is prohibited from setting off one payment under the policy against another one under the same policy for which the insured specifically paid premiums. Here, the premium reflected the lesser coverage as accepted by the insured. Though there is a mandatory minimum, which may be increased by the insurer, there is also a right to reject the coverages as long as it is accomplished in writing. This is precisely the situation before us since appellant obtained a written rejection of coverage:

> No insurance is provided by this policy while any automobile is being driven by or is under the direct control of:
>
> . . . .
>
> Tracy Deering [the insured's daughter]

This endorsement was signed by appellee, the insured.

The Arkansas Insurance Commissioner in 1984 set forth the requirement that driver exclusion endorsements contain the insured's signature. Bulletin No. 17-83, issued by the Commissioner on January 2, 1984, approved exclusionary endorsements:

> Insurers are notified that no driver or operator exclusion is acceptable for use on an automobile policy unless the exclusionary endorsement includes a provision for the signature of the named insured (s), accepting and acknowledging the restricted coverage.
>
> Any existing form that does not provide for this signature should be revised accordingly and submitted to this Department for approval.

Thus compliance with that agency regarding the named driver exclusion is not at issue.

The premium for coverage was commensurate with the risks the insurance company assumed. Appellee voluntarily waived coverage in writing with regard to two named drivers. We would violate the express intent of the legislature if we did not give effect to the statute regarding rejection. An insurance provision which is in accordance with a statute cannot be contrary to public policy. *Sims*, 288 Ark. 541, 708 S.W.2d 72. A named driver exclusion cannot violate public policy when one realizes that a prospective purchaser of insurance may reject no-fault insurance altogether. The statutes encompass the mandatory offering of coverage accompanied by the right to reject such coverage in whole or in part, not mandatory coverage of any and all risks.

On appellate review, we determine if there was a material question of fact left unanswered. *Nixon* v. *H & C Electric Co.*, 307 Ark. 154, 818 S.W.2d 251 (1991). Summary judgment should only be entered if there is no issue of fact and the movant is entitled to judgment as a matter of law. Ark. R. Civ. P. 56(c). We have no Arkansas cases specifically addressing this situation. Both parties have cited cases from outside our jurisdiction purportedly advancing their respective positions; however, we need not address those cases since our legislature has unambiguously stated that no-fault benefits can be rejected in writing, and our Insurance Commissioner has clearly approved named driver exclusions provided the insured signs such an endorsement. The trial court erred in entering judgment on appellees' behalf. Appellant's appeal of the denial of

its motion for a new trial is not addressed since we are reversing the order of summary judgment.

Reversed and remanded for the trial court to enter an order consistent with this opinion.

GLAZE, J., dissents.

TOM GLAZE, Justice, dissenting. Callie Mae Williams, the insured, obtained no-fault coverage from Shelter General Insurance Company. Shelter and other insurers issuing automobile liability insurance policies are *mandated* by the General Assembly to provide such coverage which includes (1) medical and hospital benefits, (2) income disability benefits and (3) accidental death benefits. Ark. Code Ann. § 23-89-202 (1987). In enacting this law, the General Assembly made clear this state's policy that no-fault coverage protection within statutory limits must be offered the insured which covers the insured, members of the insured's household family, passengers occupying the insured's vehicle and persons occupying another vehicle struck by the insured's vehicle. The statutory law further provides that any one or all of the three coverages provided in § 23-89-202 may be rejected by the named insured if done so in writing. Ark. Code Ann. § 23-89-203 (1987).

Callie Williams did not reject any of the coverages in this case. Instead, Shelter issued its policy to Ms. Williams with an exclusion provision which provided that no insurance will be provided under the policy if Ms. Williams's vehicle is driven by her daughter, Tracy. Ms. Williams approved this exclusion provision. Arkansas's no-fault coverage law, however, specifically allows an insurer to exclude benefits to an insured only in the two following circumstances: (1) when the insured intentionally caused his own injury and (2) when the insured causes any injury while committing a felony or while seeking to elude lawful apprehension or arrest by a law enforcement officer. Ark. Code Ann. § 23-89-205 (1987).

In *State Farm Mut. Auto. Ins. Co.* v. *Sims*, 288 Ark. 541, 708 S.W.2d 72 (1986), this court, in construing § 23-89-202, clearly stated that separate protective coverage such as Arkansas's no-fault coverage may not be diminished or con-

tracted away by a provision in the insurance contract.[1] Here, that is exactly what happened. Shelter's exclusionary provision is neither authorized by statutory law nor has Arkansas's Insurance Commissioner recognized the validity of this type of named-driver exclusion provision. More important, the exclusion is contrary to Arkansas law and declared public policy.

For the foregoing reasons, I would affirm the trial court's ruling that the named-driver exclusion provision contained in the Shelter policy is void as against public policy.

---

[1]This court in *Aetna Ins. Co.* v. *Smith*, 263 Ark. 849, 568 S.W.2d 11 (1978), indicated it did not read § 23-89-205 to prohibit other exclusions, but that decision clearly stated, as well, that whatever agreement or exclusion the insurer and insured entered into must not be contrary to statute or public policy. There, the insurer's policy excluded payment of benefits to the extent the insured had already been paid disability benefits under workers' compensation law. Such exclusion of no-fault disability benefits was held not contrary to public policy because Arkansas had statutes that eliminated double recovery for injuries. In the present case, no double recovery is involved and Arkansas's no-fault statutory scheme is designed to protect the public by availing injured persons at least some insurance coverage, albeit minimum.