STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY *v.* David W. ROSE, Jr.

CA 95-37                                                916 S.W.2d 764

Court of Appeals of Arkansas
Division II
Opinion delivered February 28, 1996

*Huckabay, Munson, Rowlett & Tilley, P.A.*, by: *Jim Tilley* and *Julia L. Busfield*, for appellant.

*David Goldman, P.A.*, for appellee.

WENDELL L. GRIFFEN, Judge. State Farm Insurance Company has appealed the judgment of the Circuit Court of Garland County denying its post-trial motion for a set-off against a $45,000 jury verdict rendered in favor of David Rose, State Farm's insured under a policy providing underinsured motorist ("UIM") coverage. Rose was injured when a driver insured by another insurance company side-swiped his vehicle on July 19, 1991. The insurer for the tortfeasor paid $25,000, the limits under its liability coverage, and Rose then sued State Farm under his UIM coverage claiming damages totalling $95,000. That lawsuit, the basis of this appeal, was tried to a jury that was allowed to hear evidence concerning disability benefits paid to Rose under the disability provision of his policy. However, the trial court refused to allow State Farm to introduce evidence that it had paid $13,133 under the medical payments provision of the policy, despite allowing Rose to introduce evidence of medical expenses he incurred. After the jury returned the verdict for $45,000, State Farm moved for a set-off for the disability and medical payments. The trial court denied the motion for both.

On appeal, State Farm argues that the effect of the trial court's ruling is to permit Rose to obtain a double recovery contrary to the holding in *Shelter Mutual Ins. Co. v. Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992). State Farm also argues that the trial court's decision is contrary to the unambiguous language of its UIM policy with Rose. The UIM provision includes this language:

> Medical expenses paid or payable under the medical payments coverage will not be paid for again as damages under this coverage. This does not reduce the limits of liability of this coverage.

Rose argues, however, that because the jury considered the amount of his damages and returned a general verdict, it would be speculative to presume that any part of the verdict went to the

amount that he claimed for medical expenses.

█   We agree with the trial court's decision denying set-off for the disability payments made to Rose by State Farm under its disability provision. The jury heard testimony from Rose and his wife about the disabling effects of his injuries as well as the likelihood that he would continue to suffer from them. Most importantly, the jury received evidence that State Farm had paid disability benefits to Rose. Therefore, the jury could have taken that proof into account in reaching its verdict. The jury also knew that Rose had already received $25,000 from the tortfeasor's insurer, and the jury was instructed to assess Rose's damages "over and above" that amount.[1] Therefore, State Farm's motion for a set-off for the disability payments was properly denied.

---

[1] The jury instruction that the court issued regarding damages read, in pertinent part:

"[State Farm] has admitted [that Rose] had a policy of underinsurance coverage and is liable for any damages sustained by [Rose] over and above [$25,000] paid by Farmers Insurance Company, which were proximately caused by the occurrence. You need only to decide what those damages are and what amount [Rose] should recover. [Rose] has the burden of proving the amount of those damages. [AMI Civ. 3d 210.]

. . . .

If you decide for [Rose] against [State Farm], you must then fix the amount of money which will reasonably and fairly compensate him for any of the following four (4) elements of damage sustained which you find were proximately caused by the negligence of Wilma Stokes [sic]:

First: the nature, extent, and duration of any injury and whether it is temporary or permanent.

Second, the reasonable expense of any necessary medical care, treatment, and services rendered.

Third, any pain and suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future.

Fourth, the value of any lost wages and the present value of any lost wages reasonably certain to be lost in the future. Whether any of these four elements of damage has been proved by the evidence is for you to determine. [AMI Civ. 3d 2201.]

In the event that you find that David W. Rose, Jr., is entitled to damages arising in the future because of injuries or future medical expenses or loss of earnings, you must determine the amount of these damages. If these damages are of a continuing nature, you may consider how long they will continue." [AMI Civ. 3d 2218.]

(Appellant's abstract, pages 65-66).

■ However, we reverse the trial court's decision denying State Farm's motion for a set-off for the medical expenses paid to Rose. It is true that the UIM coverage extended to damages for the bodily injuries that Rose sustained. Yet, the jury did not know — and had no reason to infer from the proof at trial — that all or any part of Rose's medical expenses had already been paid by State Farm under the medical payments provision of his auto policy. Part of the money received from the tortfeasor's insurer went to subrogate State Farm, but that left $5,401.42 for which it was not subrogated. To allow Rose to recover a verdict that included the cost of those medical expenses that had already been paid by State Farm would leave Rose with a double recovery contrary to the equitable principle of subrogation as demonstrated by the *Bough* holding. *Id.*, 310 Ark. at 28, 834 S.W.2d at 641 (1992). Furthermore, this result would be contrary to the express and unambiguous language of Rose's UIM coverage which informed him that medical payments under the medical payments provision of his basic policy would not be paid again as damages under the UIM coverage.

■ At bottom, this case presents a variant of the collateral source rule. The collateral source rule is designed to prevent prejudice by a jury due to the mere presence of collateral sources of support like insurance coverage. *Amos* v. *Stroud*, 252 Ark. 1100, 482 S.W.2d 592 (1972). Where, as here, the insurer is a party to the action, the presence of insurance is no longer an issue and the theoretical basis of the rule loses much of its force. The "collateral source" in this case is simply a second provision of the same insurance policy. In such a case, the jury should be permitted to see a more complete financial picture. For the court to admit evidence of medical bills incurred while denying evidence of medical payments is to portray a "false and misleading" financial condition. *See Younts* v. *Baldor Elec. Co.*, 310 Ark. 86, 832 S.W.2d 832 (1992). If this evidence is not admitted during the trial, in the alternative, set-off should be allowed post-trial.

Therefore, we affirm that part of the judgment denying State Farm's motion for set-off for the disability payments. We reverse the part that denied the motion for set-off regarding the medical payments, and remand the case to the trial court with instructions that judgment be entered consistent with this opinion.

Affirmed in part; reversed in part.

COOPER and STROUD, JJ., agree.

