COLUMBIA MUTUAL INSURANCE COMPANY *v.* Danny SANFORD and Gail Sanford

CA 95-244                                                      920 S.W.2d 28

Court of Appeals of Arkansas
Division II
Opinion delivered April 24, 1996

168

*Daggett, Van Dover & Donovan,* by: *Robert J. Donovan,* for appellant.

*Paul Petty,* for appellee.

WENDELL L. GRIFFEN, Judge. Columbia Mutual Insurance Company has appealed the decision by the Jackson County Circuit Court finding in favor of Danny and Gail Sanford on their motion for summary judgment in their breach of contract lawsuit based on an insurance policy. Appellees suffered a fire loss to a poultry house on January 14, 1992. The house was covered by an insurance policy issued by appellant. Appellees filed a claim for total loss. Appellant denied the claim relying upon a "rebuilding clause" in the policy that provided that the amount of insurance applying to a covered structure shall be reduced to sixty percent of the face value if the damaged structure is not repaired or replaced at the same location within twelve months of the loss date. Consequently, appellant confessed judgment and paid appellees $42,000, plus pre-judgment interest. Appellant also confessed judgment for an additional $23,358.36 contingent upon appellees' compliance with the rebuilding clause. After the parties submitted the dispute to the trial court on stipulated facts, the trial court denied appellant's summary judgment motion. Instead, it entered judgment in favor of appellees and against appellant for $23,358.36, plus accrued interest and an attorney's fee of $5,000, based upon its conclusion that the rebuilding clause is contrary to public policy. This appeal followed. We have concluded that the appellees were entitled to judgment as a matter of law, but we reach that result for reasons different from the

trial court. Therefore, we affirm the judgment for appellees.

Appellees purchased farm property near Bradford, Arkansas, in October 1989, and purchased insurance from appellant shortly afterwards to cover two poultry houses on the property. One of the houses was partially destroyed by fire on January 14, 1992, along with all of the chicken house equipment within the part that was damaged. Appellees made demand upon appellant for $70,000, the face value of their coverage under the insurance contract, but their demand was eventually denied by appellant based on the language of the "rebuilding clause" in their policy which reads as follows:

> In consideration of the premium, it is a condition of this insurance that each dwelling or other building structure covered under this policy is subject to the provisions of this Rebuilding Clause. In the event of loss or damage by peril insured against to any such dwelling or other building structure:

> (a) if the loss or damage is not repaired or replaced by the insured for the same Occupancy and use within twelve (12) months of the date of loss or damage, at the same location described in the policy, the amount of insurance applying to such dwelling or other building structure shall be reduced to 60% of such amount and the liability of the Company shall not exceed the smaller of (1) the amount for which it would be liable in the absence of the Rebuilding Clause, or (2) the amount of insurance applying to such dwelling or other building structure reduced to 60% of such amount as specified above;

> (b) if the loss or damage is repaired or replaced by the insured for the same occupancy and use within twelve (12) months of the date of the loss or damage, at the same location described in the policy, the liability of this Company shall not exceed the smallest of (1) the amount of insurance applying to the damaged or destroyed dwelling or other building structure, or (2) the actual cash value of that part of the dwelling or other building structure damaged or destroyed, or (3) the amount actually or necessarily expended in repairing or replacing the damaged or destroyed dwelling or other building structure.

Appellant contends that appellees did not comply with the

rebuilding clause because they did not rebuild the damaged structure within twelve months of the January 14, 1992, fire loss. Accordingly, appellant tendered payment on December 11, 1992, for $42,000, plus pre-judgment interest, based on its view that the rebuilding clause provided that coverage would be reduced to sixty percent of the policy face value. Appellant also confessed judgment for an additional $23,358.36, the amount it calculated appellees would have been due upon complying with the rebuilding clause.

■ An insurer may contract with its insured upon whatever terms the parties may agree upon that are not contrary to statute or public policy. *Shelter Gen. Ins. Co.* v. *Williams*, 315 Ark. 409, 867 S.W.2d 457 (1993). The insured, by accepting the policy, is deemed to have approved it with all conditions and limitations expressed therein which are *reasonable* and not contrary to public policy. *AETNA Ins. Co.* v. *Smith*, 263 Ark. 849, 568 S.W.2d 11 (1978) (emphasis added). While we do not find the rebuilding clause itself to be against public policy, we do find the appellant's reliance on the clause to be unreasonable under the facts of this case.

■ Although appellees submitted a timely estimate for $63,952 in repairs, appellant made no offer to pay that amount until December 11, 1992, almost one month before the end of the period allowed in the rebuilding clause for rebuilding the damaged structure. It is clear that when appellant confessed judgment relying on the rebuilding clause, the prescribed time for rebuilding had not yet elapsed. It is also clear that appellant had received information months beforehand that would have allowed it, under any reasonable analysis, to accept the claim so that appellees could begin to rebuild without risking a reduction in the amount that would be paid on their loss for failure to comply with the rebuilding condition. Using appellant's reasoning, an insurer may withhold payment on an covered claim until the "eleventh hour" — in this case the eleventh month — and thereby force the insured to either comply in merely thirty days with the rebuilding condition or accept a forty percent reduction in coverage. We find appellant's reliance on the rebuilding clause to be unreasonable in this case.

Affirmed.

JENNINGS, C.J., and ROBBINS, J., agree.