Brenda GAUSE *v.* SHELTER GENERAL INSURANCE

CA 02-616                                        98 S.W.3d 854

Court of Appeals of Arkansas
Division II
Opinion delivered March 5, 2003

[Petition for rehearing denied April 2, 2003.]

*Henry, Halsey & Thyer, PLC,* by: *Troy Henry,* for appellant.

*Womack, Landis, Phelps, McNeill & McDaniel,* by: *J. V. Phelps* and *Pamela A. Haun,* for appellee.

JOHN B. ROBBINS, Judge. On October 20, 1999, appellant Brenda Gause was injured in an automobile collision with an uninsured motorist. Ms. Gause was a named insured under a policy issued by appellee Shelter General Insurance Company. The policy provided limits of $25,000.00 in uninsured-motorist coverage and $5,000.00 in medical pay coverage, for which separate premiums were paid. Ms. Gause filed suit against Shelter on January 2, 2001, for uninsured-motorist benefits, and amended her complaint on April 4, 2001, to seek payment of medical expenses. In January 2002, Shelter agreed to pay all medical expenses, which totaled $2071.12. The case proceeded to a jury trial on the issue of underinsured-motorist coverage.

Prior to trial, Shelter made a motion to introduce evidence that it had paid all of Ms. Gause's medical expenses pursuant to the medical-payment provision of the policy. Shelter argued that introduction of the medical bills would be misleading if it was not allowed to introduce evidence of payment. Ms. Gause objected, arguing that Shelter was not entitled to an offset for these payments, and that the payments were inadmissible because they were part of a compromised settlement. The trial court granted Shelter's motion and permitted evidence of payment. In addition, the trial court refused to give Ms. Gause's proffered jury instruction that included medical expenses as a measure of damages. The jury returned a verdict awarding Ms. Gause $16,000.00 in damages.

Ms. Gause now appeals, raising two arguments. She first contends that the trial court erred in permitting Shelter to offset from its uninsured-motorist coverage the amount it had paid under its medical-expense coverage. In the alternative, she argues that the trial court erred in allowing evidence of payment of her medical bills because such payment was part of a compromised settlement and inadmissible under Ark. R. Evid. 408. We agree with appellant's first argument, and we reverse and remand on that basis.

The outcome of this case is controlled by our supreme court's holding in *Shelter Mut. Ins. Co. v. Tucker*, 295 Ark. 260, 748 S.W.2d 136 (1988). In that case, the jury awarded the appellee $25,000.00 under her uninsured-motorist policy, plus $9979.70 in medical expenses under the medical-payment provision of the policy. One of the issues raised on appeal by the appel-

lant insurance company was that it was entitled to a setoff for the award of medical expenses. The supreme court disagreed, and reasoned:

> In the alternative, the appellant contends that the trial court should have allowed it to set off the damages due under the medical payment provisions by the amount paid under the uninsured motorist coverage. This court has held that an insurance company is prohibited from setting off one payment under its policy against another one under the same policy. *State Farm Mut. Auto Ins. Co. v. Sims*, 288 Ark. 541, 708 S.W.2d 72 (1986). We have recognized that the right of reimbursement and credit is allowed pursuant to Ark. Code Ann. § 23-89-207 (1987) in a situation where there are payments from more than one source. *Id.* That is not the case here.

In the present case, the trial court effectively gave Shelter a setoff for its medical payments, and this was erroneous because an insurance company cannot set off one payment under its policy for another one under the same policy.

■ Shelter argues that the setoff was proper and cites *Shelter Mut. Ins. Co. v. Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992), and *State Farm Mut. Automobile Ins. Co. v. Rose*, 52 Ark. App. 175, 916 S.W.2d 764 (1996). However, those cases are distinguishable from the instant case because in each of those cases the appellee had received the policy limits of the tortfeasor's liability coverage, and the issue involved whether he could collect under both his under-insured-motorist coverage and medical-payment provision of the policy. In *Shelter Mut. Ins. Co. v. Bough, supra,* the supreme court held that the appellant insurance company had a right to subrogation for the medical payments it made. However, this credit was authorized pursuant to Ark. Code Ann. § 23-89-207 (1987), because there were payments from more than one source.

■ Shelter further argues that *Shelter Mut. Inc. Co. v. Tucker, supra,* is inapplicable because in that case the appellee recovered the full policy limits of her uninsured-motorist coverage, and thus recovery of her medical expenses did not amount to a double recovery. It maintains that Ms. Gause has been made whole, and will be given a double recovery if she is allowed to recover under both coverages because her damages were less than the policy limits. However, we do not interpret the supreme

court's holding so narrowly. The supreme court in that case did not draw the distinction that is now being suggested by Shelter, and it is well settled that this court is bound to follow the precedents of the Arkansas Supreme Court. *See Smith v. Aluminum Co. of America*, 78 Ark. App. 15, 76 S.W.3d 309 (2002).

█ Because Shelter was not entitled to a setoff for medical payments made to Ms. Gause, the trial court erred in allowing evidence of such payments and in failing to instruct the jury to consider medical expenses as a measure of damages. Based on our disposition of the first issue, it is unnecessary to address Ms. Gause's argument that evidence of payment was inadmissible as part of a compromised settlement.

Reversed and remanded.

BIRD and GRIFFEN, JJ., agree.