2012 Ark. 22
**Wilma BOHOT, Appellant**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

No. 11–881.

Supreme Court of Arkansas.

Jan. 26, 2012.

Ken David Swindle, Rogers, for appellant.

Brian David Wood, Fayetteville, for appellee.

PAUL E. DANIELSON, Justice.

⌐Appellant Wilma Bohot appeals an order of the Washington County Circuit Court granting summary judgment in favor of appellee State Farm Mutual Automobile Insurance Company. Bohot argues on appeal that the circuit court erred in granting summary judgment in favor of State Farm because she was entitled to be paid her no-fault medical-coverage benefits. State Farm avers that the circuit court properly found that an exclusion contained in Bohot's policy with State Farm was valid and applicable to her injury. We agree with State Farm and affirm the order of the circuit court.

The facts of this case are not in dispute. On October 30, 2010, Bohot, while in the course and scope of her employment duties with Ozark Regional Transit, was involved in an automobile accident and was injured. Bohot sought medical attention as a result of her injuries and eventually accumulated $6,345.53 in bills, including $5,415 from Russ Physical⌐Therapy.

At the time of the accident, Ozark Regional Transit had a state-certified workers' compensation plan in effect that provided coverage to Bohot on the day of the accident. Bohot made a claim for workers' compensation benefits for her injuries and some of the medical bills were paid by the workers' compensation carrier. Also at the time of the accident, Bohot was insured by State Farm and her policy included $5,000 in "no-fault" medical coverage. However, the medical-payments coverage provided in that policy contained an exclusion that read:

THERE IS NO COVERAGE FOR AN INSURED:

a. IF ANY WORKERS COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT INSURED'S BODILY INJURY.

Bohot attempted to submit medical bills to State Farm; however, she was informed that she was excluded from coverage under that policy because the above exclusion applied since workers' compensation benefits were available to her.

On February 8, 2011, Bohot filed an action against State Farm, seeking recovery of benefits under the no-fault medical provision, and alleging that State Farm had violated Arkansas Code Annotated sections 23–89–202 and 208 by failing to pay the demand. State Farm denied coverage in its answer and, on April 22, 2010, filed a motion for summary judgment and a brief in support. In the motion, State Farm argued that no genuine issue of material fact existed that: (1) workers' compensation was available to Bohot; (2) according to Arkansas law, specifically *Aetna Insurance Co. v. Smith*, 263 Ark. 849, 568 S.W.2d 11 (1978), Bohot's automobile policy with State Farm contained a valid exclusion in the medical-payments provision; and (3) medical-payments coverage for Bohot was properly and legally excluded because workers' compensation did apply.

Bohot then filed her own summary-judgment motion and motion for judgment on the pleadings, in addition to a surrebuttal reply to defendant's motion for summary judgment. State Farm moved to strike the surrebuttal reply and filed an objection and response to Bohot's motion for summary judgment and motion for judgment on the pleadings.

Bohot attached a letter to her supplemental reply to State Farm's response. The letter from the Municipal League Workers' Compensation Trust was dated June 28, 2011, and stated that workers' compensation would not pay for charges from Russ Physical Therapy because no physical therapy was ordered by the city's workers' compensation doctor. State Farm also provided a letter from the same carrier which stated that it would pay for bills from Washington Regional Medical Center and a visit to Westside Family Care, but not for Russ Physical Therapy.

On July 13, 2011, the parties appeared for a hearing on the motions for summary judgment. After the hearing, the circuit court found that Bohot was in the scope of her employment at the time of the accident; that workers' compensation was available to her and applied to her injuries from the accident; that Bohot made a claim for workers' compensation benefits; and that at least some of Bohot's medical bills were paid by the workers' compensation carrier. The court went on to discuss the exclusion in the policy that had been relied upon by State Farm and found it to be valid and not in violation of public policy. The circuit court concluded that because workers' compensation applied to Bohot's injuries, her injuries were not covered by the medical-payments provision of the State Farm policy. Therefore, State Farm's motion for summary judgment was granted, and Bohot's motions for summary judgment and judgment on the pleadings were denied. The written order was entered on July 20, 2011.

Bohot had submitted a motion for reconsideration after the hearing, on July 14, 2011. Once the written order was entered, Bohot filed a second motion for reconsideration on July 27, 2011, incorporating the first and making additional arguments. Bohot's motion for reconsideration was denied on August 4, 2011. This appeal followed.

Bohot argues that the legislature addressed what kinds of exclusions are al-

lowed under a no-fault insurance policy in Arkansas Code Annotated section 23–89–205 and that it did not include the availability of workers' compensation benefits as an acceptable exclusion. Therefore, Bohot contends, this court's decision in *Aetna, supra,* is "bad law" that resulted in court-made legislation favoring the insurer over the insured. State Farm avers that this court already rejected a similar argument in *Aetna,* and that in the thirty plus years since that opinion, the legislature has not amended that law in any attempt to change the past interpretation. Therefore, State Farm argues, an exclusion of medical payments when workers' compensation applies is permitted and was properly applied in this case.

■ The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *See Campbell v. Asbury Auto., Inc.,* 2011 Ark. 157, 381 S.W.3d 21. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *See id.* We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See id.* Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *See id.*

Bohot concedes that no material facts are in dispute in the instant case. Therefore, the only issue is whether or not State Farm was entitled to judgment as a matter of law. It was.

Arkansas Code Annotated section 23–89–202 requires that minimum medical and hospital benefits be made available by automobile-liability insurers unless rejected in writing pursuant to section 23–89–203. Bohot had these benefits in her policy with State Farm. However, as previously noted, Bohot's policy contained the following exclusion:

THERE IS NO COVERAGE FOR AN INSURED:

a. IF ANY WORKERS COMPENSATION LAW OR ANY SIMILAR LAW APPLIES TO THAT INSURED'S BODILY INJURY.

■ Arkansas Code Annotated section 23–89–208 only requires that such medical payments coverage be paid to those entitled to coverage after receipt of reasonable proof of entitlement. It is undisputed that, at the time of the accident, Bohot was in the course and scope of her employment and her injuries were covered by workers' compensation. Because Bohot was covered by workers' compensation, State Farm notified her that she was excluded from receiving medical-payments coverage for the injuries she sustained as a result of the accident on October 30, 2010.

While Bohot argues that such an exclusion is improper "court-made legislation," we have previously rejected a similar argument. *See Aetna, supra.* Arkansas Code Annotated section 23–89–205 provides:

An insurer may exclude benefits to any insured, or to his or her personal representative, under a policy required by § 23–89–202, when the insured's conduct contributed to the injury he or she sustained in any of the following ways:

(1) Causing injury to himself or herself intentionally; or

(2) Causing injury while in the commission of a felony or while seeking to elude lawful apprehension or arrest by a law enforcement official.

Ark.Code Ann. § 23–89–205 (Repl.2004).

■ While this section "specifically permits an insurer to eliminate risks attributable to intentional misconduct of the insured[, w]e do not read into this section any legislative intention to prohibit other exclusions from coverage." *Aetna,* 263 Ark. at 853, 568 S.W.2d at 13. This court continued:

> Whatever may be said about exclusion of risks, there is no indication that it was the intent of the General Assembly to require that the "no fault" coverage be provided whether the insured has other coverage providing the same benefits, or not. Certainly, the section in question does not indicate such a legislative intent.

*Id.* at 853–54, 568 S.W.2d at 13.

Bohot attempts to distinguish our holding in *Aetna* from the instant case by pointing out a factual distinction. In *Aetna,* the insured's medical bills were paid in full by workers' compensation. Here, workers' compensation denied certain physical-therapy bills because no physical therapy was ordered by the city's workers' compensation doctor. However, the exclusion upheld in *Aetna* read:

> This coverage does not apply to bodily injury
>
> (a) sustained by any person to the extent that benefits therefor are *in whole or in part paid or payable* under any workmen's compensation law, employer's disability law or any similar law.

(Emphasis added.) Therefore, the exclusion clearly applied in all scenarios where workers' compensation benefits either had been paid in whole or in part or could be paid in whole or in part. In other words, the exclusion this court upheld in *Aetna* would have applied even had workers' compensation not covered the medical bills in full, and there is no distinction between it and the exclusion at issue in the instant case.

■ In the event that Bohot could not convince this court to distinguish this case from *Aetna,* she asks us to overrule it. However, this court has held:

> [I]t is necessary, as a matter of public policy, to uphold prior decisions unless great injury or injustice would result. The policy behind stare decisis is to lend predictability and stability to the law. In matters of practice, adherence by a court to its own decisions is necessary and proper for the regularity and uniformity of practice, and that litigants may know with certainty the rules by which they must be governed in the conducting of their cases. Precedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable.

*Couch v. Farmers Ins. Co., Inc.,* 375 Ark. 255, 263, 289 S.W.3d 909, 916 (2008) (citing *State Auto Prop. & Cas. Ins. Co. v. Ark Dep't of Envtl. Quality,* 370 Ark. 251, 257, 258 S.W.3d 736, 741 (2007) (quoting *Cochran v. Bentley,* 369 Ark. 159, 174, 251 S.W.3d 253, 265 (2007))).

Bohot's only argument to support overruling our precedent seems to be, "a finding that *Aetna* requires a ruling in favor of State Farm in this case results in a 'great injustice' to Ms. Bohot—she will not receive what she paid for and will be stuck with paying $5,415 to Russ Physical Therapy out of her own pocket." This alone does not constitute something patently wrong and manifestly unjust.

For all these reasons, we affirm the order of the circuit court.