Cite as 2020 Ark. App. 100

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-19-349

|  |  |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION<br><br>APPELLANT<br><br>V.<br><br>MARY NORTON<br>APPELLEE | **OPINION DELIVERED:** FEBRUARY 12, 2020<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION<br>[NO. 60CV-17-6856]<br><br>HONORABLE WENDELL L. GRIFFEN, JUDGE<br><br>REVERSED AND REMANDED |

## ROBERT J. GLADWIN, Judge

United Services Automobile Association (USAA) appeals the January 19, 2019 order entered by the Pulaski County Circuit Court granting Mary Norton's motion for summary judgment. We find merit in USAA's argument that the Arkansas medical-payment statutes do not mandate payment of medical benefits only to the insured; accordingly, we reverse and remand with instructions to the circuit court to enter summary judgment in favor of USAA.

I. *Facts and Procedural History*

Norton was the named first-party insured under an automobile policy issued by USAA. The policy provided medical-expense benefits of $5,000. In a letter dated April 12, 2017, Norton's attorneys gave notice to USAA of a potential claim for medical benefits for injuries from a March 29 automobile accident. Norton's counsel sent a letter to USAA requesting that no medical payments be made to medical-services providers without prior

written approval. On April 20, USAA acknowledged the attorneys' letter and provided forms for filing a claim.

USAA received a June 16 notice of assignment of benefits from RevClaims, a collection agent for Baptist Health Medical Center (BHMC). The notice stated that Norton had assigned her insurance benefits to BHMC and that "payment should be made directly to provider." USAA also received a June 21 notice of a $6,295.35 hospital lien from RevClaims on behalf of BHMC that listed USAA as a liable party.

On June 28, USAA requested itemized bills from BHMC and provided an "Explanation of Reimbursement" requesting additional medical documentation. USAA paid BHMC $5,000 on July 14, exhausting the med-pay coverage. USAA provided Norton a written explanation of the bill review and payment reimbursement on July 15. Norton had unpaid bills from other providers, with medical bills totaling $12,771.40. Norton had not told USAA to make the payment to BHMC.

On September 18, BHMC filed a notice of lien for $1,295.35. The bills were again submitted to USAA, which denied payment because coverage had been exhausted. On November 21, Norton's attorneys gave notice of a proposed lawsuit against USAA and filed suit November 27. On November 28, USAA acknowledged the notice and provided a copy of the BHMC lien.

Norton alleged that she incurred medical bills of $12,771.40 and that USAA's payment to BHMC was a breach of the insurance contract and violated the med-pay statutes. She sought payment of an additional $5,000 plus penalty, interest, and attorney's

2

fees for alleged breach and late payment.[1] Norton moved for summary judgment on July 30, 2018.

USAA responded to Norton's summary-judgment motion and filed a cross-motion for summary judgment on August 17. USAA contended that the payments were in accord with both the relevant statutes and the insurance contract and that payment could not be made to Norton once the notices of lien and benefit assignment were received by USAA.

On January 9, 2019, the circuit court granted Norton's motion on the sole ground that payments to providers violated Arkansas's med-pay statutes, stating that Arkansas Code Annotated sections 23-89-202 and 23-89-204 (Repl. 2014) do not require or authorize the auto-insurance carrier to pay the med-pay benefits directly to the medical provider(s), especially if the insured has given written instructions to the contrary as Norton did in this case. USAA moved for reconsideration on January 11, noting that the order did not address USAA's contentions.

The circuit court did not rule on the motion for reconsideration, which was deemed denied after thirty days. Ark. R. App. P.-Civ. 4(b)(1) (2019). USAA filed a timely notice of appeal on February 12 from the order granting Norton's motion for summary judgment and

---

[1]Norton submits that she served USAA with the summons and complaint on November 29, 2017, but USAA did not file an answer as it was not properly served. Norton filed a motion for default judgment on January 31, 2018, and it was granted on February 7. Norton filed an amended complaint on April 4, with no mention of the previous complaint or default order. USAA filed an answer on March 29 and an answer to the amended complaint on April 29. USAA's motion to remand to settle the record to include Norton's letter to the circuit court after the default order admitting that there had not been proper service on USAA and that she had canceled the damages hearing was granted on August 28, 2019.

3

the deemed denial of USAA's motion for reconsideration.[2] Norton filed a motion to dismiss for lack of a final order on July 3, 2019, arguing that there was no appellate jurisdiction because there was no ruling on USAA's motion for summary judgment, and the order appealed from did not set out a dollar judgment. That motion to dismiss was denied by this court on August 21, 2019.

## II. *Standard of Review*

In *Baker v. Director*, 2017 Ark. App. 593, at 4, 534 S.W.3d 742, 745, we reiterated our standard of review in a similar summary-judgment action that contained cross-motions for summary judgment:

> Moving to our standard of review, summary judgment may be granted only when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. Ordinarily, upon reviewing a circuit court's decision on a summary-judgment motion, we would examine the record to determine if genuine issues of material fact exist. However, in a case where the parties agree on the facts, we simply determine whether the appellee was entitled to judgment as a matter of law. When parties file cross-motions for summary judgment, as was done in this case, they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case. As to issues of law presented, our review is de novo. De novo review means that the entire case is open for review.

(Internal citations omitted.) Likewise, questions of statutory interpretation are reviewed de novo. *White Cty. Judge v. Menser*, 2019 Ark. App. 523, at 12, 589 S.W.3d 384, 393.

## III. *Discussion*

USAA submits that the personal-injury-protection-benefits statutes at issue in this case do not mandate that medical benefits be paid only to the insured. Ark. Code Ann. §§ 23-89-202 to -204; *see Woolsey v. Nationwide Ins. Co.*, 884 F.2d 381 (8th Cir. 1989).

---

[2]USAA did not designate the void order for default judgment in its notice of appeal.

4

The insurance policy at issue defines medical benefits and states that payment will be made "to or for" the insured. USAA maintains that its policy language is consistent with the relevant statutes. *Aetna Ins. Co. v. Smith*, 263 Ark. 849, 852–53, 568 S.W.2d 11, 13 (1978) (holding that an insurer may contract with its insured on whatever terms the parties may agree that are not contrary to statute or public policy). USAA paid the full $5,000 medical limit *for Norton's benefit*. Accordingly, USAA asserts that the payment to BHMC was both consistent with the relevant statutes and did not constitute a breach of contract.

Additionally, on receipt of notice of a medical-provider lien by BHMC and of Norton's assignment of her insurance benefits to BHMC, USAA could not ignore those assignments and liens and pay Norton. *See* Ark. Code Ann. §§ 4-58-105 (Repl. 2011); 4-58-106 (Repl. 2011); 18-46-112(b) (Repl. 2015).

Personal-injury-protection benefits are offered with private automobile-insurance policies:

> Every automobile liability insurance policy covering any private passenger motor vehicle issued or delivered in this state shall provide minimum medical and hospital benefits . . . on forms approved by the Insurance Commissioner . . . as follows:
>
> > (1) Medical and Hospital Benefits. All reasonable and necessary expenses . . . incurred within twenty-four (24) months after the automobile accident, up to an aggregate of five thousand ($5,000) dollars per person.

Ark. Code Ann. § 23-89-202. The coverage provided in section 23-89-202 "shall apply only to occupants of the insured vehicle and persons struck by the insured vehicle . . . and to none other." Ark. Code Ann. § 23-89-204.

In the summary-judgment order, the circuit court held that these statutes "mandate to whom med-pay benefits can be provided." Although the circuit court adopted Norton's

reading of the statutes, we agree with USAA's contention that the statutes do not mandate the insured as the only payee.

We disagree with Norton's interpretation that statutory language—requiring that a policy "shall provide" benefits for coverage which "shall apply only" to an insured—to mean that an insurer "shall pay to the insured and only to the insured" the benefits. Norton's interpretation adds words to the statutes, which violates a basic maxim of statutory construction that plain statutory language is given effect just as it reads: "In determining the meaning of a statute, we construe it just as it reads, giving words their ordinary and usually accepted meaning in common language." *Monday v. Canal Ins. Co*, 348 Ark. 435, 440–41, 73 S.W.3d 594, 597 (2002); s*ee also Ashley Bancstock Co. v. Meredith*, 2017 Ark. App. 598, at 6, 534 S.W.3d 762, 766.

No reported appellate case supports Norton's position, and we hold that *Woolsey*, *supra*, directly contradicts it.[3] *Woolsey* involved disputes over personal-injury-protection benefits under an Arkansas policy. One was whether the insurer's direct payment of benefits to medical providers instead of the insured's estate was proper. The *Woolsey* policy, similar to the USAA policy, stated that benefits could be paid "to or for" the insured. *Woolsey*, 884 F.2d at 383.

The Eighth Circuit Court of Appeals affirmed the ruling that the insurer properly paid the medical provider in view of the jeopardy of penalties for late payment:

> Endorsement 1637A to King's automobile insurance policy states that Nationwide will pay medical expenses 'to or for' the insured. As the district court

---

[3]Although a federal court decision involving Arkansas law is not binding on this court, the *Woolsey* decision provides persuasive guidance. *See Dickinson v. Suntrust Nat'l Mortg. Inc.*, 2014 Ark. 513, 451 S.W.3d 576.

noted, *the natural construction of this language gives the insurer the right to choose a beneficiary from among a deceased insured's medical creditors and to pay that creditor directly*.

Arkansas law supports this construction of the policy under the circumstances of this case. Specifically, *section 23-89-208 of the Arkansas Code required Nationwide to pay medical expenses within thirty days* after receiving copies of various medical bills forwarded by the Kings' attorney on July 26, 1985. *Nationwide would have missed this deadline and been assessed a twelve percent late penalty, plus interest and attorney fees, had it delayed payment until Woolsey was appointed as administratrix in October 10, 1985.* Thus, the district court did not err in holding Nationwide properly paid the $5,000 in medical benefits directly to Sparks Regional Medical Center.

*Id*. (emphasis added).

*Woolsey* illustrates the application of the standard maxims that "statutes relating to the same subject should be read in a harmonious manner if possible"; that insurance-policy language is read in its "plain, ordinary, and popular sense"; and that an insurer may contract upon whatever terms "are not contrary to statute or public policy." *Gafford v. Allstate Ins. Co.*, 2015 Ark. 110, at 5, 459 S.W.3d 277, 279; *Aetna*, 263 Ark. at 853, 568 S.W.2d at 13; *Sweeden v. Farmers Ins. Grp.*, 71 Ark. App. 381, 387, 30 S.W.3d 783, 787 (2000).

We disagree with Norton's reliance on *American Medical International, Inc. v. Arkansas Blue Cross & Blue Shield*, 299 Ark. 514, 773 S.W.2d 831 (1989), for the proposition that an insurer can never pay a medical provider over an insured's objections. Such is a misstatement of the holding in *American Medical*—specifically, that there was no conflict between a health-insurance statute permitting an insurer to choose whom to pay, in the absence of objection, *see* Ark. Code Ann. § 23-85-114(b)(2) (Repl. 2014), and a statute permitting assignment of rights by the insured, *see* Ark. Code Ann. § 4-58-102 (Repl. 2011).

*American Medical* provides no support for Norton's position for two reasons. First, *American Medical* holds that under section 4-58-102, an insured could "directly benefit medical care providers by assigning their right to receive insurance proceeds," *Id*. at 519,

773 S.W.2d at 834, as Norton did in this case via her assignment to BHMC. Second, the relevant statute, section 23-85-114(b), does not apply to automobile insurance. The statute is codified in Title 23, Chapter 85, of the Arkansas Code, titled "Accident and Health Insurance." The personal-injury-medical-protection statutes, mandated for "every automobile liability insurance policy," are codified in Title 23, Chapter 89, "Casualty Insurance." Ark. Code Ann. § 23-89-202.

The "Accident and Health Insurance" statutes in Chapter 85 include the following limiting provision: "This chapter governs accident and health insurance policies issued to individuals and members of their families. *Nothing in this section* and §§ 23-85-101, 23-85-103–23-85-134, 23-85-136, and 23-85-137 *shall apply to or affect: (1) Any policy of liability* or workers compensation *insurance*." Ark. Code Ann. § 23-85-102 (Repl. 2014) (emphasis added).

Norton relies on the statutory provision that states that the payments shall be made "to the named insured" for the proposition that she, as the beneficiary, could sue if payment was not made. She asserts that USAA should have followed both her instructions through her attorney and the statutory directive to pay the "named insured" instead of relying on its inclinations to pay a hospital in full to the detriment of Norton and her other medical-care providers. Norton asserts that even if there had been an assignment, it was revoked when her counsel notified USAA that payments were not to be made to others. There is no evidence before us to support that Norton advised either USAA or BHMC of a revocation of the specific assignment of benefits to BHMC.

Norton ignores the USAA insurance-policy language stating benefits can be paid "to or for" the insured and the holding in *Woolsey* construing "to or for" as giving an insurer

the right to pay a medical creditor directly. Under the insurance contract between the parties, USAA agreed to pay benefits "to or for" Norton, and it did so. USAA honored the assignment and lien as it was obligated by law to do. Had USAA paid Norton instead of BHMC as the assignee, it would have been subject to suit by BHMC for failure to honor the assignment. *See* Ark. Code Ann. § 4-58-106. And if USAA had failed to pay BHMC the benefits when due, USAA could also have been liable for attorney fees, penalties, and interest. *See* Ark. Code Ann. § 23-89-208(f) (Repl. 2014); *Woolsey*, *supra*.

Though the relevant statutes mandate coverage, they do not specify that the insured is always the sole payee, regardless of circumstances. *See Bohot v. State Farm Mut. Auto. Ins. Co.*, 2012 Ark. 22, at 5, 386 S.W.3d 408, 411 (interpreting section 23-89-202 as requiring "that minimum medical and hospital benefits *be made available* by automobile-liability insurers") (emphasis added). We decline to interpret the statutes to say that the insured and/or insurer may ignore assignments and liens. Accordingly, we reverse and remand with instructions to the circuit court to enter summary judgment in favor of USAA.

Reversed and remanded.

HARRISON and WHITEAKER, JJ., agree.

*Smith, Williams, Hughes & Meeks, LLP*, by: *Gene Williams*, for appellant.

*Taylor King Law Firm, P.A.*, by: *Britt C. Johnson*; and *Robert S. Tschiemer*, for appellee.