Cite as 2022 Ark. App. 409

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-435

| | |
|---|---|
| | **Opinion Delivered** October 19, 2022 |
| OPAL ROBINSON | APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. 54CV-19-29] |
| APPELLANT | |
| V. | |
| QUAIL RIVERS PROPERTIES, LLC | HONORABLE CHRISTOPHER W. MORLEDGE, JUDGE |
| APPELLEE | |
| | REVERSED AND REMANDED |

**PHILLIP T. WHITEAKER, Judge**

Opal Robinson appeals a Phillips County Circuit Court order granting summary judgment in favor of Quail Rivers Properties, LLC (QRP), on her personal-injury claim. We reverse and remand the circuit court's order because there are unresolved questions of fact in this case rendering summary judgment inappropriate.

QRP owns a commercial building in West Helena, Arkansas, containing several business lessees, including GameStop, Inc. (GameStop), and an AT&T authorized retailer (AT&T). On the morning of April 25, 2017, Opal Robinson drove to the AT&T store

located in QRP's building to pay her phone bill. When Robinson exited her vehicle, she tripped over a parking bumper[1] and fell, resulting in injuries.

Robinson filed suit against GameStop and AT&T alleging they were negligent in maintaining the premises upon which she fell. She also named CC Partners, LLC (CCP), in her initial complaint as the owner of the commercial property.[2] When she discovered QRP was the owner of the property, she amended her complaint to add QRP as a party and voluntarily dismissed her claims against GameStop, AT&T, and CCP.

QRP filed a motion for summary judgment asserting it owed no duty to Robinson because the alleged danger posed by the parking bumper was open and obvious. In support of its motion, QRP attached excerpts of Robinson's deposition, a diagram of the parking lot, and a photograph of the parking bumper Robinson allegedly tripped over. The photograph revealed a black parking bumper with prominent white striping.

Robinson responded that there were disputed issues of material fact to be decided. In support of her response, Robinson attached excerpts from her deposition in which she described the parking bumper as black, which caused it to blend into the black asphalt.[3] QRP

---

[1]A parking bumper is a small barrier at the end of a parking space designed to prevent cars from parking with their front tires on the sidewalk or in the parking space in front of them.

[2]CCP is a holding company of QRP. However, CCP did not own or occupy the property where Robinson was injured.

[3]In further support of her response, Robinson attached a position paper on the "use and misuse" of parking bumpers and a booklet published by the Centers for Disease Control and the National Institute for Occupational Health and Safety.

replied, arguing that Robinson's description of the parking bumper in her deposition did not accurately reflect how the parking bumper appeared on the morning in question—it was not solid black; and that the open and obvious standard is an objective, not a subjective, standard.

After a hearing on the motion, the circuit court granted summary judgment in favor of QRP. Applying an objective standard to the facts, the court found that the parking bumper at issue was open and obvious and that QRP had no duty to warn Robinson. From this ruling, Robinson has timely appealed.

In reviewing summary-judgment cases, we determine if the circuit court's grant of summary judgment was appropriate by deciding whether the evidence presented by the moving party left a material question of fact unanswered. *Moses v. Bridgeman*, 355 Ark. 460, 139 S.W.3d 503 (2003). The moving party always bears the burden of sustaining a motion for summary judgment. *Id.* All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. *Id.* The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* Once the moving party makes a prima facie showing that it is entitled to summary judgment, the opponent must meet proof with proof by showing a material issue of fact. *Id.* However, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court

with any countervailing evidence. *Id.* Summary judgment should not be granted when reasonable minds could differ as to the conclusions that can be drawn from the facts presented. *Id.* The standard is whether the evidence is sufficient to raise a factual issue, not whether the evidence is sufficient to compel a conclusion. *Johnson v. De Kros*, 2014 Ark. App. 254, 435 S.W.3d 19.

Both parties agree that Robinson was an invitee onto the premises owned by QRP. As such, QRP owed Robinson a duty of reasonable care. Whether a duty is owed is always a question of law and never one of fact for the jury. *Jordan v. Jerry D. Sweetser, Inc.*, 64 Ark. App. 58, 977 S.W.2d 244 (1998). Because the parties agree that Robinson was an invitee, the question of law, i.e., the duty owed her, is not in dispute.

The Restatement (Second) of Torts **§** 343 (Am. Law Inst. 1965) sets forth the duty of reasonable care as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

> (c) fails to exercise reasonable care to protect them against the danger.

A premises owner is liable under this rule due to the superior knowledge of an unreasonable risk of harm of which the invitee, in the exercise of ordinary care, does not or should not know. *Van DeVeer v. RTJ*, 81 Ark. App. 379, 101 S.W.3d 881 (2003). Arkansas case law does

4

recognize an exception to the reasonable-care duty, sometimes referred to as the open and obvious exception; that is, no such duty exists if the condition of the premises that creates the danger was known by, or obvious to, the invitee unless the premises owner should reasonably anticipate that the invitee would be exposed to the danger despite his knowledge of it or its obvious nature. *Id.*

Here, QRP contends that the condition of the parking bumper was open and obvious, that it owed no duty to Robinson, and that the court was correct in granting summary judgment. On the other hand, Robinson contends there are material questions of fact susceptible to differing interpretations regarding her knowledge of the dangerous condition of the parking bumper and whether the condition was obvious; thus, the court erred in granting summary judgment.

Our standard of review requires that this court view the evidence in the light most favorable to Robinson and resolve all doubts and inferences against QRP. In her deposition, Robinson testified that she parked her vehicle in a parking space directly facing the AT&T store. Next to where she parked her car was an empty parking space containing a parking bumper in front of the curb of the sidewalk. She testified that the parking area was darkened by a shadow, that the asphalt was black, and so was the parking bumper. As a result, she claimed that the bumper blended with asphalt, and she could not differentiate between the dark parking bumper and the dark pavement. Robinson unreservedly testified that she did not see the parking bumper prior to her fall.

Admittedly, in her deposition, she was presented with a photograph that allegedly showed that the parking bumper had been marked with white stripes. This photograph was purportedly taken by an AT&T employee after Robinson had tripped, but on the same day. The photograph is photo-stamped as having been taken on the day of the incident but indicates that the photograph was taken at 12:00 a.m., which was before the accident, not after. In any event, Robinson denied any recollection of the bumper having stripes.

Viewing this evidence in the light most favorable to Robinson and resolving all doubts and inferences against QRP, we hold that genuine issues of material fact exist as to whether the condition of the parking bumper in question was known or obvious to Robinson. "Known" in this context means "not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves." *Shook v. Love's Travel Stops & Country Stores, Inc.*, 2017 Ark. App. 666, at 6, 536 S.W.3d 635, 639. "Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated." *Id.* A dangerous condition is "obvious" when both the condition and the risk are apparent to, and would be recognized by, a reasonable man in the position of the visitor exercising ordinary perception, intelligence, and judgment. *Id.* On the record before us, we cannot say that QRP proved as a matter of law that the danger presented in this case was open and obvious. Thus, at this stage of the proceedings, the record presents an issue of fact not properly resolved by summary judgment.

Reversed and remanded.

VIRDEN and KLAPPENBACH, JJ., agree.

*David A. Hodges* and *James F. Valley*, for appellant.

*Barber Law Firm, PLLC*, by: *James D. Robertson* and *Rachel E. Hildebrand*, for appellee.