Cite as 2023 Ark. App. 193

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CV-21-237

| | |
|---|---|
| HALON V, LLC | Opinion Delivered April 5, 2023 |
| APPELLANT | |
| | APPEAL FROM THE BENTON |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 04CV-20-2198] |
| THOMAS TERMINELLA A/K/A TOM TERMINELLA; MONICA TERMINELLA; THE TERMINELLA COMPANY, INC.; MONICA'S MEADOW, LLC; WEDINGTON MINE, LLC; AND JOHNSON MINE, LLC | HONORABLE XOLLIE DUNCAN, JUDGE |
| APPELLEES | |
| | REVERSED AND REMANDED |

**CINDY GRACE THYER, Judge**

Halon V, LLC ("Halon"), has filed this appeal from a Benton County Circuit Court order dismissing its first amended complaint against the appellees. Because the circuit court converted a motion to dismiss to a motion for summary judgment without giving the appellant a reasonable opportunity to meet proof with proof and attempt to show an issue of material fact, we reverse and remand.

In 2019, the appellant, Halon, was assigned a judgment against Thomas Terminella ("Tom") that had been entered in 2009. On October 13, 2020, Halon filed a complaint against Tom; his wife, Monica Terminella ("Monica"); the Terminella Company, Inc.; Monica's Meadow, LLC; Wedington Mine, LLC; and Johnson Mine, LLC. The Terminella

Company, Inc., and Monica's Meadow, LLC, are collectively referenced herein as the "Monica Business Appellees." Wedington Mine, LLC, and Johnson Mine, LLC, are collectively referenced herein as the "Mine Appellees."

Halon alleged claims under Arkansas Code Annotated section 16-66-418 (Repl. 2005) and unjust enrichment against all appellees and asked to pierce the corporate veil of the Monica Business Appellees. All the appellees moved to dismiss the complaint. Additionally, the Mine Appellees filed a verified answer on November 13, 2020.

On December 15, 2020, Halon purchased "every chose in action possessed by Thomas A. Terminella." On December 17, Halon filed its first amended complaint stating several new facts, including that Halon had purchased Tom's choses in action. The first amended complaint again alleged claims under § 16-66-418 and unjust enrichment on Halon's behalf and as Halon standing in Tom's shoes against all appellees. The first amended complaint also asserted a claim to pierce the corporate veil of the Monica Business Appellees. All the appellees moved to dismiss pursuant to Arkansas Rule of Civil Procedure 12(b)(6). The Mine Appellees did not file a verified answer to the first amended complaint. The circuit court granted the appellees' motions to dismiss on February 25, 2021. The dismissal order stated, in its entirety:

> Now on this 25th day of February, 2021, the above-styled cause came before the Court on the motions of all Defendants to dismiss the Plaintiff's Amended Complaint. From the pleadings, the Court finds that said motions should be and hereby are granted. The court does not find the underlying judgment to be void, but does find that the Plaintiff's Amended Complaint fails to state facts upon which relief can be granted based on Plaintiff's causes of action as asserted in said Amended Complaint.

The appellant then brought this appeal, arguing that the circuit court abused its discretion when it dismissed all of Halon's claims.

## I. *Standard of Review*

When reviewing a summary-judgment action, this court will determine whether genuine issues of material fact exist. *United Servs. Auto. Ass'n v. Norton*, 2020 Ark. App. 100, at 4, 596 S.W.3d 522, 525. If issues of law or statutory interpretation are presented, then this court's standard of review is de novo. *Id.*

## II. *Analysis*

The order in this appeal was purportedly an order granting the appellees' motions to dismiss for failure to state a claim pursuant to Arkansas Rule of Civil Procedure 12(b)(6). However, the circuit court converted the motions to dismiss to motions for summary judgment by considering matters outside the first amended complaint.

When considering a Rule 12(b)(6) motion, the circuit court does not consider matters outside the four corners of the complaint, and all the allegations in the complaint are to be taken as true. *York v. GALR, LLC*, 2022 Ark. App. 287, at 3, 647 S.W.3d 1, 4. Arkansas Rule of Civil Procedure 12(b)(6) also requires that if matters outside the complaint "are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Ark. R. Civ. P. 12(b)(6). Further, when a party presents material outside the complaint and the circuit court does not

specifically exclude it, then this Court considers the material to have influenced the circuit court's decision. *Morgan v. Turner*, 2010 Ark. 245, at 8, 368 S.W.3d 888, 894.

Here, the Mine Appellees filed a verified answer to the complaint on November 13, 2020. This verified answer was not a simple list of which facts as stated in the complaint were denied and which were admitted along with a recitation of affirmative defenses. The verified answer also included facts that were not pled in the complaint—or later, in the first amended complaint. The verified answer stated that 100 percent of the Mine Appellees' interests were sold to Mitchell Massey on or about October 1, 2020, "in a good-faith, arm's length transaction for value, which cuts off any rights Plaintiff may have to recover from [Mine Appellees] any money to satisfy Plaintiff's judgment against Tom."

Counsel for the Mine Appellees referenced this new factual allegation at least six times in the Mine Appellees' combined motion to dismiss plaintiff's first amended complaint and brief in support. Indeed, counsel for the Mine Appellees referenced the allegation from the verified answer as grounds for this court to affirm the circuit court's order.

The circuit court stated in its order that it decided its ruling "[f]rom the pleadings[.]" An answer is a pleading. Ark. R. Civ. P. 7(a). The Mine Appellees clearly asked both the circuit court and this court to consider matters outside the first amended complaint. Because the Mine Appellees presented facts outside the first amended complaint and encouraged the circuit court to consider those facts, and because the circuit court specified that it had relied on the pleadings—which would include the verified answer—the motion to dismiss was converted to a motion for summary judgment. *See* Ark. R. Civ. P. 12(b)(6).

4

Rule 12(b)(6) states that when a motion to dismiss is treated as a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Ark. R. Civ. P. 12(b)(6). If the party moving for summary judgment makes a prima facie showing that it is entitled to judgment as a matter of law, then the nonmoving party has the opportunity to "meet proof with proof by showing a material issue of fact." *Robinson v. Quail Rivers Props., LLC*, 2022 Ark. App. 409, at 3, 654 S.W.3d 690, 693.

Here, there was no hearing on the motion, nor was there any notice given to the parties that the circuit court was converting the Rule 12(b)(6) motion to a motion for summary judgment. Failing to provide such notice or an opportunity to present all material made pertinent by Rule 56 is reversible when it is "manifest" that the error was prejudicial. *See Rankin v. Farmers Tractor & Equip. Co., Inc.*, 319 Ark. 26, 31, 888 S.W.2d 657, 659 (1994) (citing *BWH, Inc. v. Metro. Nat'l Bank*, 267 Ark. 182, 590 S.W.2d 247 (1980)). The circuit court dismissed the first amended complaint before the appellant had the opportunity to conduct discovery and gather any documents or other evidence it could use in an attempt to refute the new factual allegations made in the verified answer. Under these circumstances, it is manifest that the circuit court's error was prejudicial.

For these reasons, the circuit court's order dismissing the first amended complaint is reversed and remanded for further proceedings.

Reversed and remanded.

ABRAMSON and GLADWIN, JJ., agree.

*Ferguson Law Firm, PLLC*, by: *J. Brian Ferguson*, for appellant.

*Tim Snively*, for separate appellee Thomas Terminella a/k/a Tom Terminella.

*Everett Law Firm*, by: *John Everett*; and *Smith, Cohen & Horan, PLC*, by: *Matthew T. Horan*, for separate appellees Monica Terminella; The Terminella Company, Inc.; and Monica's Meadow, LLC.

*Friday, Eldredge & Clark, LLP*, by: *Joshua C. Ashley* and *Kael K. Bowling*, for separate appellees Wedington Mine, LLC; and Johnson Mine, LLC.